UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARDO SANCHEZ,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>PATRICK COVELLO,<br><br>　　　　Respondent. | Case No. 8:19-cv-01930-MCS-AGR<br><br>**ORDER ACCEPTING IN PART AND REJECTING IN PART FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

　　　　Pursuant to 28 U.S.C. § 636, the Court has reviewed the operative habeas petition, (SAP, ECF No. 33), all relevant documents filed and lodged in this action, the Report and Recommendation of United States Magistrate Judge, (Report, ECF No. 46), and Petitioner's Objections to the Report, (Objs., ECF No. 48). The Court also considered oral argument presented by the parties at a hearing on September 16, 2024. Pursuant to 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), the Court has conducted a de novo review of those portions of the Report to which objections have been stated.

　　　　Having completed its review, the Court accepts in part and rejects in part the findings and recommendations set forth in the Report. Specifically, the Court respectfully rejects the Magistrate Judge's determination that "[a] rational jury could reasonably conclude Petitioner was the killer beyond a reasonable doubt" and

"could . . . find premeditation and deliberation beyond a reasonable doubt." (Report 9, 11.) The evidence in the trial record tending to show Petitioner killed the victim with premeditation and deliberation was limited to sperm matching Petitioner's DNA profile taken from a vaginal swab of the victim and testimony from an individual who described being taken by Petitioner to an orange grove near the one where the victim was found and being beaten and raped by Petitioner nearly a decade previously. This evidence was too scarce to support a conviction. No rational trier of fact could find beyond a reasonable doubt that Petitioner was the killer and killed the victim with premeditation, even viewing the evidence in the light most favorable to the prosecution. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *United States v. Nevils*, 598 F.3d 1158, 1164 (9th Cir. 2010). If this Court were the reviewing court on direct appeal, it would have reversed the conviction.

But relief under 28 U.S.C. § 2254(d) is available only if the state court's resolution of Petitioner's insufficiency-of-the-evidence claims on direct appeal "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Under the "twice-deferential standard" that applies to Petitioner's claims here, *Parker v. Matthews*, 567 U.S. 37, 43 (2012) (per curiam), the Court's inquiry is limited to whether the California Court of Appeal's rejection of Petitioner's insufficiency-of-the-evidence claims was an objectively unreasonable application of *Jackson*, *see Emery v. Clark*, 643 F.3d 1210, 1213–14 (9th Cir. 2011); *Juan H. v. Allen*, 408 F.3d 1262, 1275 n.13 (9th Cir. 2005).

The Court concurs with the Magistrate Judge that the state court's resolution of the claim on direct appeal "was not contrary to, or an unreasonable application of, clearly established federal law and was not an unreasonable determination of the facts." (Report 11–12.) In its reasoned decision, the California Court of Appeal "review[ed] the entire record in the light most favorable to the judgment" and

"conclude[d] substantial evidence supported the jury's finding Sanchez was [the victim's] murderer" and "[s]ubstantial evidence supported the inference Sanchez brought [the victim] to the orange grove to sexually assault her and then murder her." (LD 1, at 14, 16, ECF No. 37-1.) The state court's review of the record ultimately was consistent with *Jackson*. (Report 11.)

As to Ground One, Petitioner asserts that the Court of Appeal unreasonably characterized and misstated the record when it described Petitioner's "prior sexual offenses" and "history of violent sexual assaults" although the jury heard testimony pertaining to just one 1984 incident at trial. (Objs. 3 (quoting LD 1, at 15).) But Petitioner's argument overlooks that the evidence showed Petitioner committed *multiple* sexual offenses during that one incident. (LD 1, at 5 (recounting that Petitioner raped the 1984 victim twice).) As to Ground Two, Petitioner persuasively argues that the Court of Appeal's reasoning that "Sanchez would bring his victims to a secluded location suggests planning" is belied by the dearth of evidence showing the precise location where the killer committed the murder—which the Court of Appeal acknowledged earlier in the same paragraph. (Objs. 4 (quoting LD 1, at 16).) The Court agrees that the Court of Appeal's reasoning is circular. That said, Petitioner does not engage with another strand of the court's reasoning, that the manner of killing supported an inference of deliberate intent to kill. (LD 1, at 16–17.) Although the Court disagrees that a rational jury should have been able to find deliberation beyond a reasonable doubt just from that, the Court cannot call the appellate court's inference objectively unreasonable.

Although reasonable jurists could—and this Court does—disagree about how Petitioner's direct appeal should have been resolved, the Court cannot conclude the state court's decision was objectively unreasonable.

The Court also concurs with the Magistrate Judge that Petitioner has not demonstrated any other ground for habeas relief under § 2254. (Report 12–15.)

Petitioner's objections to the Report's treatment of Grounds Three through Six are overruled.

The Court accepts the Magistrate Judge's ultimate conclusion that habeas relief is unwarranted. Accordingly, **IT IS ORDERED** that the Petition is denied, and judgment shall be entered dismissing this action with prejudice.

DATE: December 26, 2024

*Mark C. Scarsi*
MARK C. SCARSI
UNITED STATES DISTRICT JUDGE